IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TERESA BLOODMAN**                                                                                          **PLAINTIFF**

v.                                      Case No. 4:17-cv-00112-KGB

**BANK OF AMERICA, N.A.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., a subsidiary of MERSCORP, INC.
as Nominee and Mortgagee for One Bank and Trust,
an Arkansas Corporation, COUNTRYWIDE
HOME LOANS ONE BANK AND TRUST, AN ARKANSAS
CORPORATION, CARRINGTON MORTGAGE**                                       **DEFENDANTS**

**ORDER**

Before the Court are numerous pending motions filed by plaintiff Teresa Bloodman (Dkt. Nos. 1, 4, 5, 6, 8, 9, 10, 11, 12, 14, 15, 20).  This case was removed from the Circuit Court of Saline County, Arkansas, by Ms. Bloodman on February 24, 2017 (Dkt. No. 2).  For the following reasons, this case is remanded to the Circuit Court of Saline County, Arkansas, and all pending motions are denied as moot.

**I.      Background**

Bank of America filed a complaint for reformation and foreclosure against Ms. Bloodman in Saline County Circuit Court on July 15, 2014.  *See Bank of America N.A. v. Teresa Bloodman, et al.*, No. 63CV-14-415.  The state court entered a Decree of Foreclosure on December 23, 2014, and closed the case on December 29, 2014.  On January 12, 2015, Ms. Bloodman filed a motion to set aside judgment, which was denied by order dated March 13, 2015.  Ms. Bloodman appealed the order.  On February 3, 2016, the Arkansas Court of Appeals affirmed the lower court's order

and judgment. *Bloodman v. Bank of America, N.A.*, No. CV-15-343 (Ark. App. Feb. 3, 2016). The Arkansas Supreme Court declined to hear the case.

A Commissioner's Sale Notice was filed on July 21, 2016, in the Saline County Circuit Court case. *See* Case No. 63-CV-14-415-2. Ms. Bloodman filed a second motion to set aside judgment on September 19, 2016. The property was sold, and a Commissioner's Deed was provided to Bank of America on September 20, 2016. A few weeks later, Ms. Bloodman filed another motion to set aside judgment in the Saline County Circuit Court case that is still pending. *See* Case No. 63-CV-14-415-2.

On January 24, 2017, Bank of America received a Writ of Assistance allowing it to remove Ms. Bloodman from the property it purchased on September 20, 2016. In response, Ms. Bloodman filed numerous motions in February 2017, and then she removed the case to this Court on February 27, 2017 (Dkt. No. 2).

**II.     Analysis**

Ms. Bloodman states that "[r]emoval is based on federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Plaintiff Bank of America, N.A. (BANA)." (Dkt. No. 2, ¶ 2). Even if this was an accurate statement regarding the initial pleading—and the Court does not believe that it is—then Ms. Bloodman's removal is untimely. The federal removal statute requires a defendant to file a notice of removal within 30 days after receipt of the initial state court pleading. 28 U.S.C. § 1446(b)(1). Ms. Bloodman removed this case years after it was first filed in state court.

As an alternative basis for her removal of this action, Ms. Bloodman asserts that "[d]efendant here/Plaintiff in state court action filed a writ of assistance in the state action. This

case became removable on February 8, 2017, because of a writ of assistance filed by defendant here/plaintiff in state action." (Dkt. No. 2, ¶ 4). It is correct that, if a case was not removable based on the face of the initial pleading, it may be removed within 30 days after receipt of the "amended pleading, motion, order, or other paper" that made the case removable. 28 U.S.C. § 1446(b)(3). However, nothing about the Writ of Assistance to which Ms. Bloodman cites changed the fact that this is a case premised on state court forclosure proceedings. Ms. Bloodman has provided no citations to authority stating the contrary. To the extent that Ms. Bloodman is contending that her Due Process claims arose once the Writ of Assistance was issued, that argument is addressed under the *Rooker-Feldman* analysis below.

Finally, Ms. Bloodman contends that her "constitutionally protected procedural due process rights were vitiated as a commissioner's sale was conducted on the subject property without her being afforded procedural due process." (Dkt. No. 2, ¶ 5). As discussed in the background section of this Order, this case has been on-going for years in state court. In fact, the Arkansas Court of Appeals rejected the same arguments that Ms. Bloodman is now making in an effort to justify her removal of this action.

Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments. *See Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). If a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim may not be heard by the federal court. *Id.* The Eighth Circuit Court of Appeals has held:

> A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-*

3

*Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.

*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

Again, Ms. Bloodman's claims arise out of the state court foreclosure proceeding. To grant the relief Ms. Bloodman seeks would effectively amount to a reversal of the state court's decision regarding the foreclosure. Ms. Bloodman's removal and alleged Due Process claims are "essentially a collateral attack in federal district court on a state foreclosure judgment." *Postma v. First Federal Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

Accordingly, even if Ms. Bloodman had timely removed the case, this Court lacks jurisdiction to review her claims under the *Rooker-Feldman* doctrine.

### III. Conclusion

This case is hereby remanded to the Circuit Court of Saline County, Arkansas. The Court denies as moot all pending motions.

So ordered this the 1st day of March, 2017.

_____
Kristine G. Baker
United States District Judge